UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 1ST Rate, LLC individually and on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs, | * * | CASE NO. : _____ |
| versus | * * * | SECTION: _____ |
| BP, plc; BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA, INC.; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER, INC.; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION, | * * * * * * * * * | MAGISTRATE JURY DEMAND |
| Defendants. | * | |

## **COMPLAINT - CLASS ACTION**

### I. INTRODUCTION

1. Plaintiff, 1st Rate, LLC("Plaintiff"), individually and as representative of the class defined herein (the "Class"), bring this action against the defendants identified below ("Defendants"), and aver as follows:

2. This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiff and the Class Members as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at about 10:00 p.m. central time in the Gulf of Mexico (Latitude 28° 45.23' N; Longitude 88° 18.89' W)

approximately 50 miles from the Louisiana coast. Following the sinking of the Oil Rig, what was once estimated as 1,000 barrels a day has grown to quite possibly 25,000 or more estimated barrels of oil per day have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack). The fast-moving oil slick, which has grown exponentially since the date of the spill, has caused detrimental effects upon the Gulf of Mexico's and Louisiana's marine environments, coastal environments and estuarine areas. Further, the spill has damaged and will continue to damage the value of Plaintiff's and Class Members' real and personal property, their earning capacity, business income, and/or use of natural resources.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and because it is a class action brought by citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business.

4. Prosecution of this action in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this district and/or a substantial part of the property at issue in this action is situated in this district.

## III.
## PARTIES

5. Plaintiff, 1st Rate, LLC is a Louisiana Corporations in Gonzales, Louisiana doing business in this district. Plaintiff earns income as a public eatery, and as a result of the events described herein, have suffered damages that are more fully described below.

6. Defendants herein are:

(a) BP, plc ("BP"), a foreign corporation doing business in the State of Louisiana and within this district;

(b) BP Products North America, Inc. ("BP Products"), a foreign corporation doing business in the State of Louisiana and within this district;

(c) BP America, Inc. ("BP America"), a foreign corporation doing business in the State of Louisiana and within this district;

(d) Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore"), a foreign corporation doing business in the State of Louisiana and within this district;

(e) Transocean Deepwater, Inc. ("Transocean Deepwater"), a foreign corporation doing business in the State of Louisiana and within this district;

(f) Transocean, Ltd. ("Transocean, Ltd."), a foreign corporation doing business in the State of Louisiana and within this district;

(g) Halliburton Energy Services, Inc. ("Halliburton"), a foreign corporation doing business in the State of Louisiana and within this district; and

(h) Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"), a foreign corporation doing business in the State of Louisiana and within this district.

### IV. FACTUAL ASSERTIONS

7. BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

8. Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively

"Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Products and BP America on the outer Continental Shelf, at the site from which the oil spill now originates, on April 20, 2010.

9. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOPs"), a series of valves/seals that failed to control pressure and prevent resulting release of oil. The BOPs were defective because they failed to operate as intended.

10. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

11. At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by Transocean and/or BP.

12. The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the negligence of Defendants, which renders them liable jointly and severally to Plaintiffs and the Class Members for all their damages.

13. The injuries and damages suffered by Plaintiffs and the Class Members were caused by Defendants' negligent, willful, and/or wanton failure to adhere to recognized industry standards of care and safety practices.

14. Defendants knew of the dangers associated with deep water drilling and negligently, willfully, and wantonly failed to take appropriate measures to prevent damage to Plaintiff and the Class Members.

15. The oil spill has damaged and will continue to damage the value of Plaintiff's and

Class Members' real and personal property, their earning capacity, business income, and/or use of natural resources.

## V.
## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action and each of the claims therein, on their own behalf and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3). Plaintiff are duly representative and typical of the proposed members of the hereinafter described classes and/or sub-classes.

17. Plaintiff seeks the certification of classes or subclasses of people impacted by the oil spill and remedial events as follows:

> a) All Louisiana residents who own or lease residential or commercial property and/or personal property that has been or will in the future be damaged as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting there from. This class further includes all Louisiana residents who have suffered or will in the future suffer any legally cognizable business and/or economic losses and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting there from.

(Plaintiff and others similarly situated may simultaneously be members of more than one class or sub-class)

18. Excluded from the Class are: (a) the officers and directors of any of the Defendants; (b) any entity or division in which any defendant(s) has a controlling interest; (c) any judge or judicial officer assigned to this matter and his or her immediate family; and (d) any legal representative of Defendants, successor, or assign or any excluded persons or entities.

19. Numerosity of the Class – The Class is so numerous that joinder of all members is impractical. The number of individuals and businesses in the affected area, which have been or may in the future be damaged by the subject oil spill and/or any actual or planned remediation

efforts exceeds 100.

20. Predominance of Common Questions of Fact and Law – There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to , the following:

    a. Whether Defendants caused and/or contributed to the fire, explosion and oil spill;

    b. Whether Defendants' actions were negligent and/or wanton;

    c. Whether the fire, explosion and oil spill have caused environmental, economic, business, and/or other damage; and,

    d. the amount of damages Plaintiff and the Class Members should receive in compensation.

21. Typicality – The duty, breach of duty, violation of laws/regulations, claims, causation and/or damages asserted by the named class Plaintiffs, who will be the representative parties, are typical of the proposed class, and these Plaintiffs will thoroughly and adequately represent the interests of the class.

22. Adequacy of Representation – Plaintiff has adequate financial resources to prosecute this litigation and has retained the undersigned class counsel, as set forth below, who are experienced in prosecuting class actions, mass tort actions, environmental claims, and complex civil matters. Further, Plaintiff's counsel has and will advance all reasonable costs necessary to protect the class, including with regard to hiring necessary experts, conducting discovery, the presentation of class certification motion papers, trying the case and otherwise vigorously prosecuting the claims set forth herein.

23. Superiority – A class action mechanism is superior to all other available methods

for the fair and efficient adjudication of this matter. The expenses and burden of individual litigation would preclude many members, if not all, of the aforesaid class(es) from seeking redress for the harms and wrongs complained of herein, from obtaining justice and access to the courts, and from obtaining the aforesaid necessary injunctive relief.

24. Defendants' aforesaid misconduct, actions and omissions make the requested injunctive relief and monetary relief appropriate and necessary to fully protect Plaintiffs and all others similarly situated.

25. Any difficulties in management of this case as a class action are outweighed by the benefits of a class action with respect to efficiently and fairly disposing of common issues of law and fact as to the large number of litigants.

## VI.
## COUNT I
## NEGLIGENCE AND/OR WANTONNESS

26. Plaintiff, on behalf of themselves and the Class Members, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if copied herein.

27. Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in the construction, operation, inspection, training, repair and maintenance of the Deep Water Horizon and oil well.

28. Defendants had a heightened duty of care to Plaintiffs and Class Members because of the great danger and environmental concerns associated with the drilling of oil.

29. Defendants breached their legal duty to Plaintiffs and Class Members by failing to exercise reasonable care and acting with reckless, willful, and wanton disregard for the Plaintiffs and Class Members, in the construction, operation, inspection, training, repair and maintenance

of the Deep Water Horizon and the oil well. The fire, explosion, and resulting oil spill was caused by the concurrent negligence of the Defendants.

30. Upon information and belief, Plaintiff avers that the fire, explosion and resulting oil spill was caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

    a.    Failing to properly operate the Deepwater Horizon;

    b.    Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c.    Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d.    Acting in a careless and negligent manner without due regard for the safety of others;

    e.    Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

    f.    Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

    g.    Inadequate and negligent training and/or hiring of personnel;

    h.    Failing to take appropriate action to avoid and/or mitigate the accident;

    i.    Negligent implementation of policies and/or procedures to safely conduct offshore operations in the Gulf of Mexico;

    j.    Employing untrained or poorly trained employees and failing to properly train their employees;

k.  Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

l.  Failure to timely warn;

m.  Failure to timely bring the oil release under control;

n.  Failure to provide appropriate accident preventive equipment;

o.  Failure to observe and read gauges that would have indicated excessive pressures in the well;

p.  Failure to react to danger signs;

q.  Improper installation, maintenance and operation of BOPs or use of defective BOPs;

r.  Conducting well and well cap cementing operations improperly;

s.  Acting in a manner that justifies imposition of punitive damages; and

t.  Such other acts of negligence and omissions as will be shown at the trial of this matter.

31. Defendants knew or should have known that their negligent, willful, wanton and/or reckless conduct would foreseeably result in the disaster, causing damage to Plaintiff and Class Members.

32. The injuries to Plaintiff and the Class Members were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

33. In addition, the fire, explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiff, therefore, pleads the doctrine of res ipsa loquitur.

34. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' negligence, willfulness, recklessness, and/or wantonness and awarding Plaintiff and the Class Members adequate compensation, including punitive damages therefore in amounts determined by a jury.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand judgment against Defendants, jointly and severally as follows:

a. An order certifying the Class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiff as Class Representative; and appointing undersigned counsel as counsel for the Class;

b. Economic and compensatory damages in amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes one of this Court's bases of jurisdiction to hear this case;

c. Punitive damages;

d. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

e. Attorney's fees and costs of litigation;

f. Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

g. A trial by jury as to all Defendants.

Respectfully submitted by,

THE SINGLETON LAW FIRM
*A Professional Law Corporation*

/s/ W. James Singleton
W. James Singleton #17801
wjsingleton@singletonlaw.com
/s/ Ree J. Casey-Jones
Ree J. Casey-Jones #30233
rcasey@singletonlaw.com
The Singleton Law Firm
4050 Linwood Ave.
Shreveport, La. 71108
Telephone - 318-631-5200
Facsimile – 318-636-7759

Attorneys for 1st Rate, LLC and
individually and on behalf of all others
similarly situated